UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Keith Dale Goodrich and
Susan Marrie Goodrich,
f/k/a Susan Marrie Johnson,

   Debtors.
_____/

Chapter 13

Case No. 11-43162

Hon. Phillip J. Shefferly

**ORDER SUPPLEMENTING ORDER GRANTING
CHAPTER 13 TRUSTEE'S MOTION TO DISMISS**

On February 23, 2015, the Chapter 13 Trustee ("Trustee") filed a motion to dismiss this Chapter 13 case (ECF No. 73). Among other things, the motion alleged that the Debtors "have had an undisclosed interest in a business since 2012," and that they "failed to respond to the Trustee's request for information regarding the business . . . ." On March 9, 2015, the Debtors filed a response in which they "neither admit nor deny" the allegations set forth in the Trustee's motion regarding the undisclosed interest in the business. On April 14, 2015, the Court held a hearing on the Trustee's motion. The Court heard argument from the Trustee, the Debtors and the United States Trustee ("UST"). The UST concurred in the Trustee's motion and also made an oral motion to dismiss the case based upon information that the UST had obtained regarding the Debtors' alleged interest in the undisclosed business. At the conclusion of the hearing, the Court granted the Trustee's motion and dismissed the case by order entered the same day (ECF No. 76). The Court is now entering this order to supplement the ruling that it made on the record and in the order that it entered following the hearing.

The Court did not take testimony at the hearing. However, based upon the statements made by counsel for the parties at the hearing and based upon the Court's review of the file, the following facts are not in dispute. The Debtors filed this Chapter 13 case on February 9, 2011 and confirmed a plan on July 26, 2011. They subsequently modified their plan on March 18, 2013 to reduce their payments under the plan because the Debtor Keith Goodrich had "recently become unemployed." The Debtors filed an amended schedule I (ECF No. 58) on February 7, 2013 in connection with their plan modification. The Debtors did not file any other amendments to schedule I since that date, despite the fact that the Debtor Keith Goodrich subsequently went back to work at the job that he held when the bankruptcy case was filed. Further, the Debtors formed a business consisting of a tobacco and memorabilia store some time in either late 2011 or early 2012 that they have operated since that time through a limited liability company. The Debtors did not amend their schedule I to reflect any income from the business. In January, 2015, the Trustee learned about the Debtors' business and made inquiry to the Debtors' counsel about it. The Debtors did not provide information in response to the Trustee's inquiry. As a result, the Trustee filed the motion to dismiss on February 23, 2015. The Debtors still did not provide information to the Trustee about the Debtors' business until the day before the hearing scheduled for April 14, 2015, at which time they provided tax returns and other materials that showed that the business had been operating since 2012, it had revenue in excess of $114,000.00 in 2013, and the Debtors had received income from the business in 2013 and perhaps in 2012 as well. The Debtors did not attend the hearing nor provide an affidavit or other evidence in support of their answer to the Trustee's motion to dismiss.

In sum, the undisputed facts in this case show that the Debtors have sources of income that they have not disclosed to the Court nor disclosed to the Trustee. The Debtors admit that Keith

-2-

11-43162-pjs    Doc 78    Filed 04/15/15    Entered 04/15/15 15:40:58    Page 2 of 4

Goodrich went back to work at some point during this Chapter 13 case, yet did not amend his schedule I to show the income from his employment; they formed a business during their Chapter 13 case that has generated revenue that they have not disclosed to the Court either by way of an amendment to schedule I or in response either to the Trustee's inquiries or the Trustee's motion to dismiss; and their only attempt to refute the allegations in the Trustee's motion consists of the delivery of documents to the Trustee one day before the scheduled hearing, nearly two months after the motion was filed, and nearly three months after the Trustee inquired of Debtors' counsel about their undisclosed interest in the business.

Section 1307(c) of the Bankruptcy Code provides that upon request of a party in interest or the UST, the Court may dismiss a case under Chapter 13 "for cause," and then lists a number of non-exclusive facts and circumstances that constitute cause. The Debtors' failure to file amended schedule I to reflect their income once the Debtor Keith Goodrich went back to work and the Debtors' failure to disclose their interest, operation and income from the business that they formed during this Chapter 13 case together constitute cause for dismissal under § 1307(c). Chapter 13 is a voluntary proceeding in which debtors obtain relief from their creditors, but it is predicated upon complete disclosure. The Debtors cannot go through a Chapter 13 case and withhold from the Trustee, their creditors, and the Court material information regarding their income. In this case, their failure to disclose their income from Keith Goodrich's job and from their business was especially egregious because they filed a plan modification in February, 2013 after the time that they had already formed the business and yet still failed to disclose the business in connection with their plan modification. It is unclear even at this date when Keith Goodrich went back to work, but what is clear is that there has never been an amendment to schedule I to reflect the income that he receives

-3-

from his employment. Enjoying the benefits of a Chapter 13 case, including the automatic stay and the opportunity for a discharge, is not compatible with the Debtors' conducting a parallel secret business and failing to disclose to all parties in interest the income they receive both from that business and from the Debtor's employment.

There were a number of sections of the Bankruptcy Code referenced during the course of the hearing on April 14, 2015, but in the interest of clarity, the Court is entering this order to memorialize its holding that the Debtors' non-disclosure of their business interest and non-disclosure of Keith Goodrich's employment income in the circumstances of this case, based upon undisputed facts, constitute cause for dismissal under § 1307(c) of the Bankruptcy Code. It is that section of the Bankruptcy Code on which the Court relies for its decision to grant the Trustee's motion.

**IT IS SO ORDERED.**

.

**Signed on April 15, 2015**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**